UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                            :
HONGMIAN GONG,                              :
                                    Plaintiff,  :
                                                            :     18 Civ. 3027 (LGS)
                      -against-                    :
                                                            :     **OPINION AND ORDER**
CITY UNIVERSITY OF NEW YORK,       :
                                      Defendant.  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

        Plaintiff Hongmian Gong alleges retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") against Defendant City University of New York ("CUNY"). Defendant has filed a motion for summary judgment under Federal Rule of Civil Procedure 56. For the reasons below, Defendant's motion is granted.

I. **BACKGROUND**

        The facts below are drawn from the record and, as required on this motion, are viewed in the light most favorable to Plaintiff, the non-moving party. *Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 71-72 (2d Cir. 2016). Unless otherwise noted, the facts are undisputed.

        Plaintiff is and was at all relevant times a tenured full professor within the Department of Geography at Hunter College, a college within CUNY. In 2017, Plaintiff was also a graduate advisor for the Geography Department and a fellowship coordinator. As a fellowship coordinator, Plaintiff oversaw fellowships and scholarships given to students by the Advanced Institute for Transportation Education ("AITE").

        In 2017, L.S. was a graduate student in Geography. Plaintiff was his graduate advisor. L.S. was also, at that time, an AITE scholarship recipient. Plaintiff oversaw L.S.'s AITE's scholarship as the fellowship coordinator. On or about April 24, 2017, L.S. filed a formal

complaint against Plaintiff regarding her oversight of his graduate work and scholarship. The complaint alleged that Plaintiff had withheld L.S.'s monthly stipend on certain occasions "because she was angry at [L.S.] when [he] struggled to resolve technical issues of her project."

Dean Angela Haddad, an administrator at Hunter College, investigated L.S.'s complaint. On June 13, 2017, Dean Haddad issued the results of her investigation (the "Haddad Report"). The Haddad Report recommended that the Geography Department reform its oversight of the administration of scholarship and fellowship funds. It recommended that the Dean of Arts and Sciences offer Plaintiff "guidance on developing written agreements that clarify [] research arrangements with students." The Haddad Report also recommended that the Dean should direct Plaintiff that "as a Hunter College coordinator of any student award, you must make clear to students the funds they receive from institutional awards and the funds that they may receive from you for a specific purpose." The Haddad Report concluded that "[i]t is inappropriate for students to be unsure about the source of their funding and the expectations associate[d] with the funding awards."

Plaintiff appealed the Haddad Report on or about June 23, 2017. The College-wide Appeals Committee convened to consider Plaintiff's appeal on August 31, 2017, and upheld the Haddad Report (the "Appeal Report"). The Appeal Report stated that "[b]oth [Dean Haddad] and Prof. Gong agree that payments to [L.S.] were intentionally delayed by [Prof.] Gong" and that "[b]ased on the documents submitted the Committee finds no evidence that Prof. Gong had the right or responsibility to delay payment." In light of this finding, the Committee "assert[ed] this not happen in the future regardless of who is serving in the role of [graduate advisor or

fellowship coordinator],"[1] "question[ed] Prof. Gong's judgment in [these roles] and . . . suggest[ed] the [Department Chair] consider appointing a different faculty member to the role."[2]

On or about September 13, 2017, Plaintiff filed a charge of discrimination with the United States Equal Opportunity Commission (the "EEOC Charge"). The parties dispute the precise day that CUNY became aware of the EEOC Charge. Defendant states that it became aware of the EEOC Charge on September 29, 2017. Plaintiff states that, because the EEOC was legally required to notify CUNY within ten days of receiving the EEOC Charge, the proper presumption is that CUNY became aware of the EEOC Charge no later than September 23, 2017. *See* 29 C.F.R. § 1691.5 ("Within ten days of receipt of a complaint of employment discrimination, an agency shall notify the [employer] that it has received a complaint").

On September 27, 2017, the Geography Department's Personnel & Budget ("P&B") Committee convened to consider L.S.'s complaint, the Haddad Report, Plaintiff's appeal and the Appeal Report. The P&B Committee removed Plaintiff as a graduate advisor and as a fellowship coordinator. Though Plaintiff argues otherwise, the undisputed evidence supports the conclusion that she was informed of the P&B Committee's decision on October 2, 2017.

On January 5, 2018, Plaintiff received a Notice of Right to Sue from the EEOC. On April 5, 2018, Plaintiff filed suit. She then filed a First Amended Complaint (the "FAC"),

---

[1] Although the Committee referred to Plaintiff's positions as "Director of Graduate Studies" and "Coordinator of the AITE grant," the parties seem to agree that these are different names for the two positions at issue.
[2] Plaintiff contends that the Committee's conclusions in the Appeal Report as to whether Plaintiff should remain in these positions do not relate solely to the findings that Plaintiff intentionally delayed payment of funds. Even drawing all reasonable inferences in favor of Plaintiff, this is not a reasonable construction of the Appeal Report, as the recommendation to consider replacing Plaintiff in these positions immediately followed the finding that Plaintiff intentionally delayed payments. In any event, the outcome in this Opinion would be no different if the Committee's recommendation had been in part due to the other findings in the Appeal Report.

alleging discrimination, hostile work environment and retaliation under Title VII. This Court granted in part and denied in part Defendant's motion to dismiss the FAC. *Hongmian Gong v. City Univ. of New York*, No. 18 Civ. 3027, 2019 WL 952340 (S.D.N.Y. Feb. 27, 2019). The discrimination and hostile work environment claims were dismissed in full. *Id*. at *4-7. The retaliation claim survived in part as follows: "For clarity, the surviving claim is against CUNY for retaliation under Title VII based on removing Plaintiff from her graduate advisor and fellowship coordinator positions in retaliation for filing a discrimination claim with the EEOC." *Id*. at *9.

## II. STANDARD

Summary judgment is appropriate where the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine dispute as to a material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Liberty Lobby*, 477 U.S. at 248; *accord Saleem v. Corp. Transportation Grp.*, 854 F.3d 131, 148 (2d Cir. 2017).

"Title VII makes it 'an unlawful employment practice for an employer to discriminate against any of his of her employees . . . because he or she has opposed any practice made an unlawful employment practice by' other provisions of Title VII." *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 112 (2d Cir. 2019) (quoting 42 USC § 2000e-3(a)). Title VII retaliation claims are analyzed under the familiar, *McDonnell Douglas* burden-shifting framework, which requires a

4

Plaintiff in the first instance to establish a prima facie case. *Id*. (citing *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802-04 (1973)). "If the plaintiff establishes a prima facie case, a presumption of discriminatory intent arises and the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its policy or action." *Lenzi*, 944 F.3d at 107 (internal quotation and citation omitted). If the employer puts forth a legitimate, non-discriminatory justification, the presumption drops out of the analysis and the plaintiff must establish, by a preponderance of the evidence, that the employer's justification is a pretext for discrimination." *Id*. at 107-08 (internal quotation and citation omitted).

## III. DISCUSSION

### A. Prima Facie Retaliation

Plaintiff meets her "de minimis" burden of showing a prima facie case of retaliation at the first stage of analysis. *Lenzi*, 944 F.3d at 112. A prima facie retaliation claim is established "by showing (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Id*. (internal citation omitted). A plaintiff's burden in regards to establishing the prima facie case is "de minimis." *Id*. (internal citation omitted).

Defendant does not dispute that filing the EEOC Charge is a protected activity, nor that removal as a graduate advisor and fellowship coordinator is an adverse employment action. Instead, Defendant contends that no evidence in the record establishes that CUNY knew of the protected activity before removing Plaintiff from these positions, and that for this and other reasons, there is no causal connection between the protected activity and adverse employment action.

5

The parties dispute whether CUNY knew that the EEOC Charge was filed before or after taking the adverse employment action. Defendant contends that it first became aware of the EEOC Charge on September 29, 2017, when it received a copy of the Charge at its Office of General Counsel. This is two days after the P&B Committee removed Plaintiff from her positions. Plaintiff, however, contends that the latest possible day that CUNY became aware of the EEOC Charge is September 23, 2017. Plaintiff notes that EEOC regulations require that "[w]ithin ten days of receipt of a complaint of employment discrimination, an agency shall notify the [employer] that it has received a complaint." 29 C.F.R. § 1691.5. Construing the facts in Plaintiff's favor as required on this motion, CUNY was at least on constructive notice of the EEOC Charge by September 23, 2017, and she therefore satisfies the second element of a prima facie case of retaliation.

Plaintiff also shows a prima facie causal connection between her filing the EEOC complaint and her removal from the two positions. "Causation may be shown by direct evidence of retaliatory animus or inferred through temporal proximity to the protected activity." *Duplan v. N.Y.C.*, 888 F.3d 612, 625 (2d Cir. 2018). Assuming that CUNY became aware of the EEOC Charge on September 23, 2017, and the P&B Committee removed Plaintiff as a graduate advisor and fellowship coordinator on September 27, 2017, the alleged retaliation occurred four days after Defendant became aware of the protected activity. This temporal proximity is clearly sufficient to show at this stage a causal relationship. *Rasmy v. Marriott Int'l, Inc.*, No. 18 Civ. 3260, 2020 WL 1069441, at *8 (2d Cir. Mar. 6, 2020) (noting that a five-month gap between the protected activity and adverse employment action could establish a causal connection at the first stage of a Title VII retaliation claim in light of "the size and complexity of the defendant employer"); *Nagle v. Marron,* 663 F.3d 100, 111 (2d Cir. 2011) ("While we have not drawn a

bright line defining the maximum time period that can give rise to an inference of causation, six weeks fits comfortably within any line we might draw.") (internal quotation marks omitted).

### B. Non-Retaliatory Reason and Pretext

Defendant's motion for summary judgment is granted because Plaintiff cannot establish by a preponderance of the evidence that CUNY's legitimate, non-discriminatory justification for the adverse employment action is pretextual or that retaliation was a but-for cause of her removal from the two administrative positions. *See Lenzi*, 944 F.3d at 107-08; *see also Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 70 (2d Cir. 2015).

Defendant has carried its burden of articulating legitimate, non-retaliatory reasons for removing Plaintiff from the two positions. *See Lenzi*, 944 F.3d at 112. She was removed in part because she did not distinguish between funds that L.S. was entitled to due to his AITE scholarship versus funds that she gave to him for a different purpose. The student's complaint asserted that Plaintiff had withheld his scholarship funds because she was upset about his work product on projects for her that were unrelated to the scholarship. The Haddad Report observed that "[i]t is inappropriate for students to be unsure about the source of their funding and the expectations associate[d] with the funding awards." Plaintiff was also removed because she inappropriately withheld L.S.'s institutional funds. Dean Haddad, the Appeals Committee and even Plaintiff acknowledged that this withholding was inappropriate.

Given these non-retaliatory reasons, the burden shifts to Plaintiff to show that CUNY's reasons are pretextual and that retaliation was a but-for cause of her removal from the two positions. *Rasmy*, 2020 WL 1069441, at *8. "'[B]ut-for' causation does not[, however,] require proof that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." *Ya-Chen Chen,* 805

7

F.3d at 78 (Chin, J., concurring) (citing *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013)); *accord Zann Kwan v. Andalex Group LLC*, 737 F.3d 834, 846 (2d Cir. 2013) (same). "A plaintiff may prove that retaliation was a but-for cause of an adverse employment action by demonstrating weaknesses, implausabilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reason for its action." *Zann Kwan*, 737 F.3d at 846; *accord Jones v. Target Corp.*, 792 F. App'x 54, 56 (2d Cir. 2019) (summary order).

No reasonable juror would accept that Plaintiff's evidence establishes pretext. Plaintiff contends that the Appeal Report is unreliable because it does not strictly comply with CUNY's administrative procedures and lacks other indicia of reliability. Plaintiff also contends that the Appeal Report is self-contradictory and unclear. Even construing these facts in Plaintiff's favor, they do not provide a basis for a reasonable jury to find that Plaintiff would not have been removed but for her filing the EEOC Charge.

Plaintiff contends that the protected activity was her *intent* to file the EEOC Charge, not her filing of the EEOC Charge. Plaintiff first raised this argument in her opposition to Defendant's motion for summary judgment. The FAC does not make this claim. Based on the FAC, the Court also explicitly cabined Plaintiff's surviving claim to "retaliation under Title VII based on removing Plaintiff from her graduate advisor and fellowship coordinator positions in retaliation for filing a discrimination claim with the EEOC." "A party is not entitled to amend [her] complaint on summary judgment." *Lewis v. Lee*, 737 F. App'x 24, 29 (2d Cir. 2018) (summary order) (citing *Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006)); *Lovitch v. County of Orange*, No. 11 Civ. 2536, 2013 WL 3805142, at *5 (S.D.N.Y. July 19, 2013) ("Plaintiffs cannot amend their complaint by asserting new facts or theories for the first time in opposition to the . . . motion for summary judgment."). Moreover, even if Plaintiff's

8

intent to file were considered the protected activity that is the basis for her retaliation claim, summary judgment still would be granted, as Plaintiff cannot establish but-for causation in light of the evidence of legitimate reasons to remove her from the positions.

## IV. CONCLUSION

For the foregoing reasons, Defendant CUNY's motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to close Docket Number 65 and close the case.

SO ORDERED.

Dated: March 25, 2019
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE