**MANDATE**

1:18-cv-03027-LGS

20-1341-cv
*Gong v. City of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand twenty-one.

PRESENT:  JOHN M. WALKER, JR.,
          RICHARD C. WESLEY,
          WILLIAM J. NARDINI,
                    *Circuit Judges.*

_____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Mar 01 2021

HONGMIAN GONG,

   *Plaintiff-Appellant,*

   v.                                        No. 20-1341

CITY UNIVERSITY OF NEW YORK,

   *Defendant-Appellee.* *

_____

FOR PLAINTIFF-APPELLANT:    G. OLIVER KOPPELL (Daniel F. Schreck, *on the brief*), Law Offices of G. Oliver Koppell & Associates, New York, NY.

FOR DEFENDANT-APPELLEE:     ERIC DEL POZO, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Anisha S. Dasgupta, Deputy Solicitor

---

* The Clerk of Court is directed to amend the caption as set forth above.

General, *on the brief*), *for* Letitia James, Attorney General for the State of New York, New York, NY.

On appeal from the United States District Court for the Southern District of New York (Lorna G. Schofield, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Hongmian Gong appeals from a judgment of the district court, entered on March 27, 2020, in favor of her employer, City University of New York ("CUNY"). Gong, an Asian American professor of geography at CUNY Hunter College, brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, alleging discrimination, hostile work environment, and retaliation. We assume the reader's familiarity with the record.

In fall 2017, CUNY removed Gong from the graduate advisor and fellowship coordinator positions at the university. CUNY says that it decided to remove her based on its finding pursuant to an investigation that Gong mismanaged graduate student funds. But Gong claims that CUNY has long discriminated against her because of her race and national origin, including by delaying her professorship promotions, assigning her to teach two courses on East Asian and Chinese geography, directing her to hold evening office hours for graduate advising while Caucasian faculty members who also advised graduate students were not similarly required, replacing her with a Caucasian adjunct professor on a search committee, and organizing a faculty meeting that included presentations criticizing certain actions by the People's Republic of China, particularly in the South China Sea. The district court dismissed Gong's discrimination and hostile work

2

environment claims, finding that Gong's allegations did not raise a plausible inference of discrimination or rise to the level of pervasive and severe conduct that altered the conditions of her employment. *See Gong v. City Univ. of New York*, No. 18-CV-3027, 2019 WL 952340, at *4, *7 (S.D.N.Y. Feb. 27, 2019) ("*Gong I*"). The court also granted CUNY summary judgment on Gong's retaliation claim, finding that CUNY had articulated a legitimate reason for Gong's removal, and that Gong had failed to show that CUNY's proffered reason was a pretext for retaliation. *See Gong v. City Univ. of New York*, No. 18-CV-3027, 2020 WL 1467353, at *4 (S.D.N.Y. Mar. 25, 2020) ("*Gong II*"). This appeal followed.

We review the grant of a motion to dismiss and of summary judgment *de novo*. *Aegis Ins. Servs., Inc. v. 7 World Trade Co.*, 737 F.3d 166, 176 (2d Cir. 2013). When reviewing a Rule 12(b)(6) dismissal, we "accept[] all factual claims in the complaint as true and draw[] all reasonable inferences in the plaintiff's favor." *United States v. Strock*, 982 F.3d 51, 58 (2d Cir. 2020) (internal quotation marks and citation omitted). When reviewing a grant of summary judgment, we must "construe the evidence in the light most favorable to the non-moving party" and find that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *ING Bank N.V. v. M/V Temara*, 892 F.3d 511, 518 (2d Cir. 2018) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 56(a).

We affirm the district court's February 27, 2019, dismissal of Gong's discrimination and hostile work environment claims. *See Gong I*, 2019 WL 952340 at *9. Gong's discrimination claim fails because Gong did not adequately allege that her race or national origin was a motivating factor in CUNY's decision to remove her from the graduate advisor and fellowship coordinator

3

positions. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015) ("[A] plaintiff must plausibly allege that (1) the employer took adverse action against h[er] and (2) h[er] race, color, religion, sex or national origin was a motivating factor in the employment decision."). Gong claims that the district court failed to consider how all the alleged incidents together give rise to a plausible inference of discrimination. But Gong's complaint does not identify the "bits and pieces of information" necessary "to support an inference of discrimination, *i.e.*, a mosaic of intentional discrimination" in relation to the adverse employment action at issue. *See id*. at 86 (internal quotation marks and citation omitted). For many of the alleged incidents, Gong does not explain how they are connected to her race or national origin. The allegations that are related to Gong's race or national origin—for example, Gong's course assignments, being replaced on a search committee, being directed to hold evening office hours, and the faculty meeting—are not connected to her removal from the graduate advisor and fellowship coordinator positions and fail to "provide a contextual basis for inferring discrimination" for that decision. *See id.* at 89; *see also Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010) ("[T]he more remote and oblique the remarks are in relation to the employer's adverse action, the less they prove that the action was motivated by discrimination."). Gong's allegations, viewed together, do not plausibly give rise to an inference that her race or national origin were motivating factors in CUNY's decision to remove her as a graduate advisor and fellowship coordinator.

Similarly, Gong's hostile work environment claim fails because the alleged incidents are too mild and "episodic" to support her claim. *Raspardo v. Carlone*, 770 F.3d 97, 114 (2d Cir. 2014) ("The incidents complained of 'must be more than episodic; they must be sufficiently

4

continuous and concerted in order to be deemed pervasive.'" (quoting *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002))). Again, many of the alleged incidents lack any racial overtone and, in general, the alleged incidents "were too few, too separate in time, and too mild . . . to create an abusive working environment." *Alfano*, 294 F.3d at 380. Accordingly, the district court did not err in dismissing Gong's discrimination and hostile work environment claims. Nor did it err in declining to *sua sponte* grant Gong an opportunity to amend her complaint. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("[N]o court can be said to have erred in failing to grant a request that was not made."); *see also Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) ("A counseled plaintiff is not necessarily entitled to a remand for repleading whenever he has indicated a desire to amend his complaint, notwithstanding the failure of plaintiff's counsel to make a showing that the complaint's defects can be cured.").

We also affirm the district court's March 25, 2020, decision granting CUNY summary judgment on Gong's retaliation claim. *See Gong II*, 2020 WL 1467353 at \*4; *see also Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 844–46 (2d Cir. 2013) (explaining that under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a plaintiff must first establish a prima facie case of retaliation; then the defendant must offer a non-retaliatory reason for the employment action; and then the plaintiff must show that the retaliatory reason is a "but-for cause of [the] adverse employment action," which she can do by—for example—demonstrating that the non-retaliatory reason is pretextual). The record shows that CUNY did not learn about Gong's complaint with the Equal Employment Opportunity Commission ("EEOC") until after it decided to remove her from the graduate advisor and fellowship coordinator positions, and thus CUNY could not have

5

made the decision in retaliation for the EEOC complaint. *See id.* at 844 (explaining that to establish a prima facie case of retaliation, a plaintiff must show, *inter alia*, "a causal connection between the protected activity and the adverse employment action" (internal quotation marks omitted)). But even assuming that CUNY knew about Gong's complaint before deciding to remove her, CUNY proffers a legitimate, non-retaliatory reason for Gong's removal: the university found that Gong had mismanaged graduate student funds and neglected her responsibilities as an advisor. Gong challenges the legitimacy of CUNY's documents related to its decision-making process and argues that the timeline of her EEOC complaint and removal is exceedingly suspect. "Temporal proximity alone is insufficient to defeat summary judgment at the pretext stage." *Kwan*, 737 F.3d at 847. Although some of the irregularities that Gong points out in CUNY's documents—such as the Appeals Committee's report—are troubling, Gong has not met her burden of producing "sufficient evidence to demonstrate that" Gong would not have been removed from the graduate advisor and fellowship coordinator positions "in the absence of the retaliatory motive." *Id.* at 842, 846. Accordingly, the district court did not err by granting summary judgment on Gong's retaliation claim.

We have considered Gong's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6